UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| LISA HARPER | CIVIL ACTION NO. 6:19-0527 |
|---|---|
| VERSUS | JUDGE JUNEAU |
| LISA GRIFFIN | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING AND ORDER**

Before the Court upon referral from the district judge is the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 6] filed by the United States of America, which is making an appearance on behalf of the defendant, Lisa Griffin. The motion is unopposed. For the following reasons, IT IS RECOMMENDED that the motion be GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant lawsuit arises out of the plaintiff's petition for damages for medical malpractice, which was filed on November 21, 2018 in the Fifteenth Judicial District Court for the Parish of Vermilion, Louisiana. In her state court petition, the plaintiff alleges malpractice against Lisa Griffin, a nurse practitioner who saw the plaintiff at Abbeville Behavioral Health System, an approved delivery site of Iberia Comprehensive Community Health Center ("ICCHC"). In its motion, the movant alleges that ICCHC and Ms. Griffin are covered by the Federal Tort

Claims Act, pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. 233, and has supported that assertion with the declaration of Meredith Torres, senior attorney in the General Law Division, Office of General Counsel, Department of Health and Human Services, which is attached to the motion.

In its motion, the government seeks dismissal of the plaintiff's medical malpractice claim on grounds the plaintiff has failed to meet her burden of establishing subject matter jurisdiction over her claims. After review of the motion and the jurisprudence, the Court finds the defendant's motion should be granted.

## II. LAW AND ANALYSIS

The United States, as sovereign, is immune from suit unless it consents to be sued. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244 (1940)). The FTCA provides a limited waiver of sovereign immunity for plaintiffs to pursue tort claims against the United States. *United States v. Kubrick,* 444 U.S. 111, 117–18 (1979). However, immunity does not apply until plaintiff satisfies specific prerequisites for filing an FTCA claim.

Specifically, 28 U.S.C. §2675 provides a jurisdictional prerequisite:

> **An action shall not be instituted upon a claim against the United States** for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency** and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . .. (emphasis added).

28 U.S.C. §2675(a).

It is well-settled that the FTCA requires a plaintiff to properly exhaust his or her claims prior to filing suit in federal court. *Price v. United States,* 69 F.3d 46, 54 (5th Cir. 1995). The failure to completely exhaust administrative remedies prior to filing an FTCA claim is a jurisdictional defect that cannot be waived or cured by administrative exhaustion after suit is filed. *McNeil v. United States,* 508 U.S. 106, 112 (1993). The Fifth Circuit has concluded that a prematurely-filed FTCA claim "cannot become timely by the passage of time after the complaint is filed." *Price,* 69 F.3d at 54, citing *McNeil,* 508 U.S. at 106.

The instant motion is unopposed. In its motion, the defendant argues, and the plaintiff does not contest, that Lisa Griffin was in the course and scope of her employment with the United States at the time of the incidents complained of

herein, and the Abbeville Behavioral Health System is part of a clinic deemed subject to FTCA coverage. It is also uncontroverted that the plaintiff has not filed an administrative tort claim with the proper agency, the Department of Health and Human Services. Consequently, this Court does not have jurisdiction over this matter, and the undersigned concludes the matter should be dismissed.

### III. CONCLUSION

Considering the foregoing, and having concluded that the instant motion is well-grounded in law and fact, IT IS RECOMMENDED that the unopposed Motion to Dismiss [Doc. 6] filed by the defendant be GRANTED, and that the plaintiff's claims alleged in this action be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C 636(b)(1)(C) and Fed.R.Cic.P 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 23rd day of August, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE